NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

**LI CHONG ZHENG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–5206–ag.

United States Court of Appeals, Second Circuit.

July 28, 2006.

John Z. Zhang, New York, New York, for Petitioner.

Robert Clark Corrente, United States Attorney for the District of Rhode Island, Providence, Rhode Island, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Li Chong Zheng, a citizen of China, appeals from the BIA's order affirming Immigration Judge ("IJ") Barbara Nelson's order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, overturning

them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

Zheng asserts that the BIA and IJ erred in denying his claim for past persecution, yet he does not mention any instances of persecution in his brief to this Court. The BIA reasonably determined that nothing that happened to Zheng in China amounted to persecution. Zheng contended that he was persecuted under the single child policy, yet neither he nor his wife was ever sterilized, nor was his wife forcibly aborted. The findings of the BIA and IJ are thus supported by substantial evidence in the record.

Zheng asserts that, since he has violated the family planning policy, the government will likely arrest him or torture him if he is sent back to China. However, the IJ reasonably found that Zheng did not violate the family planning policy, as Zheng admitted. In the absence of support in the record for Zheng's assertion that he will be subjected to forced sterilization, his fear is speculative at best. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). As a result, there is no basis to disturb the IJ's rejection of Zheng's claim of future persecution.

Although Zheng made a claim for relief he did not meaningfully challenge the IJ's denial of his CAT claim in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having complet-ed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).